Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000408
30-MAR-2016
08:04 AM

NO. CAAP-15-0000408

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GERALD MANULEI VILLANUEVA, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 14-1-0003(2) (CR. NO. 96-0078(2)))

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Reifurth, JJ.)

Petitioner-Appellant Gerald Villanueva (Villanueva) appeals from the "Findings of Fact, Conclusions of Law, and Judgment Denying Petitioner's Non-Conforming [Hawai'i Rules of Penal Procedure (HRPP)] Rule 40 Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody" (Order Denying Petition). The Order Denying Petition was filed by the Circuit Court of the Second Circuit (Circuit Court) on April 17, 2015.[1] Although Villanueva's precise arguments on appeal are difficult to decipher, it appears he claims that the Hawai'i Paroling Authority (HPA) improperly increased his maximum term of imprisonment and that the Circuit Court erred in failing to grant him relief on this claim. We conclude that Villanueva's appeal is without merit, and we affirm the Order Denying Petition.

_____

[1] The Honorable Peter T. Cahill presided.

I.

The underlying criminal proceeding relevant to this appeal is Cr. No. 96-0078(2). In that case, Villanueva was convicted of first-degree robbery (Count 1); carrying or use of a firearm in the commission of a separate felony (Count 2); and possession of a prohibited firearm (Count 3). On October 23, 1996, Villanueva was sentenced to concurrent terms of twenty years of imprisonment on Count 1, twenty years of imprisonment on Count 2, and five years of imprisonment on Count 3. On May 28, 1998, the Hawai'i Supreme Court issued a Summary Disposition Order which affirmed Villanueva's convictions and sentences on Counts 1 and 3, but reversed his conviction and sentence on Count 2. Despite the supreme court's decision, the Circuit Court did not file an amended judgement reflecting the supreme court's reversal of Count 2 until 2010. On December 7, 2010, the Circuit Court filed an amended judgment which omitted Count 2 and reimposed the same sentences on Counts 1 and 3 that the supreme court had affirmed in 1998.

In the meantime, on January 10, 1997, the HPA set Villanueva's minimum term of imprisonment at five years for Count 1, five years for Count 2, and three years for Count 3. On April 3, 2001, Villanueva escaped from custody, and he was returned to custody on April 9, 2001. On July 3, 2003, Villanueva was released on a parole to Victory Ohana. On January 12, 2004, Villanueva left Victory Ohana without authorization. He failed to return to Victory Ohana or report to his parole officer the next day, and HPA issued a warrant for his arrest on January 16, 2004. Villanueva was returned to custody on April 1, 2005, and after a hearing on July 6, 2005, Villanueva's parole was revoked. The HPA's order revoking parole notified Villanueva that his maximum term for Cr. No. 96-0078(2) had been extended to July 26, 2017.

On June 22, 2010, Villanueva was again released on parole. After May 16, 2012, Villanueva failed to report to and maintain contact with his parole officer, and on November 18,

2

2012, the HPA issued a warrant for his arrest. Villanueva was returned to custody on March 3, 2013. After a hearing on April 12, 2013, Villanueva's parole was revoked. The order revoking Villanueva's parole notified him that his maximum term for Cr. No. 96-0078(2) had been extended to May 17, 2018, and that a hearing for parole consideration would be scheduled for March 2015. By letter dated April 29, 2013, the HPA explained that Villanueva had absconded from parole and remained a fugitive for 446 days during his first parole and for 290 days during his second parole. The HPA stated that as a result, it had adjusted the expiration of his maximum term, which "now expires on May 17, 2018, instead of the original date of May 5, 2016."[2]

## II.

Villanueva's central argument on appeal is that the HPA improperly increased his maximum term of imprisonment which was originally scheduled to expire in May 2016. He contends that the HPA improperly added two more years beyond the twenty-year term imposed by the sentencing judge. Villanueva's claim is without merit.

Hawaii Revised Statutes (HRS) § 353-66(c) (2015) authorizes the HPA to exclude the time that a paroled prisoner absconds from parole and remains a fugitive in determining when the prisoner's maximum term of imprisonment will expire. HRS § 353-66(c) provides:

> (c) If any paroled prisoner leaves the State without permission from the paroling authority, or if the whereabouts of any paroled prisoner is not known to the paroling authority because of the neglect or failure of the prisoner to so inform it, the paroling authority may order the parole suspended pending apprehension. From and after the suspension of the parole of any paroled prisoner and until the paroled prisoner's return to custody, the paroled prisoner shall be deemed an escapee and a fugitive from justice, and no part of the time during which the paroled prisoner is an escapee and a fugitive from justice shall be part of the paroled prisoner's term.

---

[2] The HPA's adjustment of the expiration of Villanueva's maximum term also apparently took into account his brief escape from custody in 2001. The HPA subsequently recalculated Villanueva's maximum sentence expiration date and adjusted it from May 17, 2018, to May 16, 2018.

(Emphases added.) Villanueva does not dispute that he absconded from parole and remained a fugitive during both times that he was released on parole. Pursuant to HRS § 353-66(c), the HPA was entitled to exclude the time Villanueva absconded from parole and remained a fugitive in determining when his maximum term of imprisonment will expire on the twenty-year term of imprisonment imposed on his first-degree robbery conviction in Cr. No. 96-0078(2).[3] Accordingly, the Circuit Court was correct in rejecting Villanueva's claim that the HPA had improperly extended his maximum term of imprisonment.

Villanueva appears to argue that the Circuit Court's delay in issuing an amended judgment after the supreme court's 1998 decision reversing his conviction and sentence on Count 2 somehow entitles him to immediate release from custody. Villanueva, however, received concurrent twenty-year terms of imprisonment on both Count 1 and Count 2. The delay in issuing the amended judgment did not affect his conviction or twenty-year term of imprisonment on Count 1, which the supreme court affirmed in its 1998 decision, and his maximum term on Count 1 has not expired.

Villanueva also cites the supreme court's reference to his conviction on Court 2 as being for "[p]ossession" or use of a firearm in the commission of a separate felony instead of for "carrying" or use of a firearm in the commission of a separate felony in its 1998 decision. However, it is clear from the decision that the supreme court was referring to Villanueva's conviction on Count 2 for violating HRS § 134-6(a). The supreme court's use the term "possession" rather than "carrying" in describing the offense charged in Count 2 is inconsequential and does not provide Villanueva with any basis for relief.

---

[3] There appears to be no dispute that the HPA was entitled to exclude the time that Villanueva had escaped from custody in 2001 in determining the expiration of his maximum term.

III.

We affirm the Order Denying Petition.

DATED: Honolulu, Hawai'i, March 30, 2016.

On the briefs:

Gerald Manulei Villanueva
Petitioner-Appellant
Pro Se

Diane K. Taira
Richard W. Stacey
Deputy Attorneys General
for Respondent-Appellee

Artemio C. Baxa
Deputy Prosecuting Attorney
County of Maui
for Respondent-Appellee

*Craig H. Nakamura*

Chief Judge

*Daniel R. Foley*

Associate Judge

*Lawrence M. Reifurth*

Associate Judge

5